IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>SURGALIGN HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-90731 (CML) |
| RYAN MESSNER,<br><br>Plaintiff,<br><br>v.<br><br>SURGALIGN HOLDINGS, INC.,<br><br>Defendant. | Adv. Proc. No. 23-03150 |

**RULE 12(b)(6) MOTION TO DISMISS**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

Comes now Surgalign Holdings, Inc. ("Surgalign") and files this Rule 12(b)(6) Motion to Dismiss (the "Motion"). In support of the Motion, Surgalign represents the following:

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number (if any), are: Surgalign Holdings, Inc. (0607); Surgalign Spine Technologies, Inc. (6543); Pioneer Surgical Technology NewCo Inc.; Spinal Transition and Professional Services LLC; Andi's Belmarall, LLC; Fourth Dimension Spine, LLC (1107); Holo Surgical Inc. (4079); and HoloSurgical Technology Inc. (0952). The location of the debtors' service address in these chapter 11 cases is: 520 Lake Cook Road, Suite 315, Deerfield, Illinois 60015.

1

37186418v.6

## I. INTRODUCTION

1.     The Plaintiff fails to state a claim upon which relief can be granted. The Plaintiff asserts claims under section 523(a)(2) of the Bankruptcy Code and 15 U.S.C. §§ 78b, 78ff, but the claims fail for three reasons. **First**, section 523 dischargeability actions do not apply to corporate debtors. **Second**, the Plaintiff's securities fraud claim requires dismissal because it fails to plead with particularity. **Third**, the alleged claims are section 510(b) claims which were cancelled, released, and extinguished under the confirmed Plan.

## II. STATEMENT OF FACTS

2.     On June 19, 2023 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Court. The Wind-Down Debtors continue to operate their businesses and manage their properties as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code. The chapter 11 cases are jointly administered under Bankruptcy Rule 1015(b).

3.     On August 11, 2023, the Plaintiff filed a Complaint [Adv. Docket No. 1] (the "**Complaint**") and initiated this adversary proceeding. The Plaintiff alleges that the Wind-Down Debtors injured the Plaintiff by failing to "disclose information" and "misrepresenting pertinent information investors use to make decisions." *See* Complaint, Preamble. The Plaintiff further asserts claims for "false pretenses, false representation, [and] actual fraud." (together, the "Fraud Claims"). *See id*. The Plaintiff seeks "recovery of money" and a finding of nondischargeability under section 523. *See* Complaint, pg. 2.

## III. STANDARD OF REVIEW

A. **The Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."**

4. To survive a Rule 12(b)(6) motion, the Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 545. Although material allegations in the complaint must be accepted as true and construed in the light most favorable to the nonmoving party, a court is not required to accept conclusory legal allegations cast in the form of factual allegations. *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). "After "ignor[ing] the complaint's legal conclusions" and "speculative inference[s]," only then should the Court draw "reasonable inferences" in the Trustee's favor. *Ghedi v. Mayorkas*, 16 F.4th 456, 463 (5th Cir. 2021). From there the Court can undertake the "context specific task that requires … draw[ing] on [its] judicial experience and common sense" to determine whether any of the complaint's claims are facially plausible. *Id*.

B. **The Plaintiff's allegations must meet both Rule 9(b)'s and the PSLRA's heightened pleading requirements for fraud claims.**

5. On top of the plausibility pleading described above, the Plaintiff's fraud claim must meet Rule 9(b)'s heightened particularity-pleading standard. *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004). In cases alleging fraud, a plaintiff must satisfy the heightened pleading requirements of Rule 9(b) by stating "the who, what, when, where, and

3

why as to the fraudulent conduct." *In re Life Partners Holdings, Inc.*, 926 F.3d 103, 117 (5th Cir. 2019) (citing Fed. R. Civ. P. 9(b)).

6. Because the Plaintiff asserts *securities* fraud claims, he must satisfy the heightened pleading requirements of the Private Securities Litigation Reform Act (the "PSLRA"). *See Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009). The PSLRA "enhances the requirements of Rule 9(b)" by requiring a plaintiff to: (1) "specify each statement alleged to have been misleading [and] the reason or reasons why the statement is misleading"; and (2) "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind" for each act or omission. *In re BP p.l.c. Sec. Litig.*, 843 F. Supp. 2d 712 (S.D. Tex. 2012) (citing 15 U.S.C. §§ 78u-4(b)(1-2)).

7. Putting the two standards together, the plaintiff must: (1) specify each statement alleged to have been misleading; (2) identify the speaker; (3) state when and where the statement was made; (4) plead with particularity the contents of the false representation; (5) plead with particularity what the person making the misrepresentation obtained thereby; and (6) explain the reason or reasons why the statement is misleading, i.e., why the statement is fraudulent. *ABC Arbitrage Plaintiffs Group v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002).

8. A defendant corporation is deemed to have the requisite scienter for fraud only if the individual corporate officer making the statement has the requisite level of scienter, i.e., knows that the statement is false, or is at least deliberately reckless as to its falsity, at the time he or she makes the statement. *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 366 (5th Cir. 2004). The Fifth Circuit has rejected the "group pleading" doctrine (allowing Plaintiff to rely on a presumption that statements in public filings are a collective work of individuals) under the

PSLRA and Rule 9(b) standard, requiring Plaintiff to specifically plead and associate the allegedly fraudulent statement to individual defendants. *Id.* at 365.

## IV. ARGUMENT

**A.     Corporate debtors like Surgalign are not subject to the dischargeability provisions of section 532(a).**

9.      As a threshold issue, Surgalign is not subject to the dischargeability provisions of section 523(a), including section 523(a)(2).

10.     Section 523(a) of the bankruptcy code provides, in relevant part:

> A discharge under section 727, 1141, 1192 [1] 1228(a), 1228(b), or 1328(b) of this title does **not discharge an individual debtor** from any debt…
> . . .

11 U.S.C § 523(a) (emphasis added).

11.     Surgalign is not an individual debtor.  The Plaintiff ignores the plain language of the statute as well as the case law that holds corporate debtors are immune from actions under section 523, including section 523(a)(2):

> [C]orporate debtors proceeding under Chapter 11 historically have been immune to dischargeability actions under § 523(a). It is well-settled law in this circuit that the § 523 exceptions to discharge apply only to individuals, not to corporations.

*In re GFS Indus., LLC*, 647 B.R. 337, 343–44 (Bankr. W.D. Tex. 2022) (citing *Garrie v. James L. Gray, Inc.*, 912 F.2d 808, 812 (5th Cir. 1990) ("[T]he 'willful and malicious injury' exception to discharge, like all of the exceptions to discharge found in section 523(a), applies only to individual, not corporate, debtors")).

12.     The Plaintiff's request for a determination of dischargeability must be dismissed as Surgalign is not an individual subject to actions under section 523, including section 523(a)(2).

**B.     Plaintiff does not plead the "who, what, when, where, and why" required under Rule 9(b) or the PSLRA, requiring dismissal.**

13.     The Complaint fails to adequately allege that any representation, or lack thereof, by Surgalign was either:  known to be false when made, made recklessly without knowledge of its truth, or made with Surgalign's intention to induce reliance by Plaintiff (or anyone else).

14.     Federal Rule of Civil Procedure 9(b) imposes heightened pleading requirements on fraud claims, and to adequately plead fraudulent intent under Rule 9(b), a plaintiff "must set forth specific facts that support an inference of fraud." *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994).  "The courts have uniformly held inadequate a complaint's general averment of the defendant's 'knowledge' of material falsity unless the complaint *also* sets forth specific facts that makes it reasonable to believe that the defendant knew that the statement was materially false or misleading." *Greenstone v. Cambex Corp.*, 975 F.2d 22, 25 (1st Cir. 1992) (emphasis in original).

15.     The only allegation of fraudulent intent in the Complaint is the naked assertion that "CURRENT management failed to disclose information, and misrepresented pertinent details investors use to make decisions, as with the complaint issued herein." *See* Complaint, pg. 2.  The only support offered to bolster the Plaintiff's claim is a kitchen sink of exhibits that include, among other things:

- The Plaintiff's driver's license.  *See* Complaint, pg. 3.
- Email correspondence with Surgalign's bankruptcy counsel.  *See id.*, pgs. 4-39.
- Alleged proof of ownership of Surgalign stock.  *See id.*, pgs. 54-68.
- Plaintiff's "Closing Arguments." *See id.*, pgs. 100-104.

16.      This does not pass muster.  Conclusory allegations fail to support an inference of fraud: it does not set out facts giving rise to a sufficient motive for Surgalign to commit fraud or

6

37186418v.6

set out circumstances that would indicate conscious behavior that would circumstantially show an intent to commit fraud. These factual allegations are required. *Tuchman*, 14 F.3d at 1068; *Twombly*, 550 U.S. at 555. Absent such required allegations, the Fraud Claims fail.

C. **The Plaintiff holds a section 510(b) subordinated securities claim that was cancelled, released and extinguished under the Plan.**

17. At best, the Plaintiff holds what amounts to a section 510(b) subordinated securities claim ("for alleged damages arising from the purchase or sale of such a security") which was cancelled, released, and extinguished under the Plan. *See* Combined Disclosure Statement and Joint Chapter 11 Plan of Surgalign Holdings, Inc. and its Affiliated Debtors [Docket No. 410] (the "Plan").

18. Section 510(b) was enacted to "prevent disappointed shareholders from recovering their investment loss by using fraud and other securities claims to bootstrap their way to parity with general unsecured creditors in a bankruptcy proceeding." *In re Caprock Oil Tools, Inc.*, 585 B.R. 823, 829 (Bankr. S.D. Tex. 2018) (citation omitted). "Section 510(b) was enacted under the assumption that when making an equity investment, a shareholder assumes the risk that security fraud may occur regardless of whether it occurs pre or post-issuance." *Id.* at 830. Surgalign denies any and all allegations of securities fraud. But even assuming *arguendo* that such fraud existed, the alleged claims are merely section 510(b) claims.

19. With regard to such claims, the Plan states in relevant part:

On the Effective Date, each Holder of a Section 510(b) Claim shall not be entitled to any Distribution on account of and such Section 510(b) Claim, which shall be cancelled, released, and extinguished and of no further force or effect without further action by the Debtors.

*See* Plan, Art. VII, A, No. 8 (Class 8 treatment).

20. The Plan makes clear that the alleged claims were "cancelled, released, and extinguished" under the confirmed Plan. Accordingly, the Complaint should be dismissed.

7

## V. <u>CONCLUSION</u>

21. Surgalign requests that the Court grant the Motion, dismiss the claims asserted against Surgalign, dismiss this adversary proceeding, and grant Surgalign, Inc. its costs and such other relief to which it may be justly entitled.

37186418v.6

Houston, Texas
October 2, 2023

/s/ *Veronica A. Polnick*

| | |
|---|---|
| **JACKSON WALKER LLP** | **WHITE & CASE LLP** |
| Veronica A. Polnick (TX Bar No. 24079148) | Gregory F. Pesce (admitted *pro hac vice*) |
| J. Machir Stull (TX Bar No. 24070697) | Laura E. Baccash (admitted *pro hac vice*) |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | 111 South Wacker Drive, Suite 5100 |
| 1401 McKinney Street, Suite 1900 | Chicago, Illinois 60606 |
| Houston, Texas 77010 | Telephone: (312) 881-5400 |
| Telephone: (713) 752-4200 | Email: gregory.pesce@whitecase.com |
| Email: vpolnick@jw.com | laura.baccash@whitecase.com |
| mstull@jw.com | |
| mcavenaugh@jw.com | Charles R. Koster (TX Bar No. 24128278) |
| | 609 Main Street, Suite 2900 |
| *Counsel to the Wind-Down Debtors* | Houston, Texas 77002 |
| | Telephone: (713) 496-9700 |
| | Email: charles.koster@whitecase.com |
| | |
| | Barrett Lingle (admitted *pro hac vice*) |
| | 1221 Avenue of the Americas |
| | New York, New York 10020 |
| | Telephone: (212) 819-8200 |
| | Email: barrett.lingle@whitecase.com |
| | |
| | *Counsel to the Wind-Down Debtors* |

37186418v.6

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 2, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                    /s/ *Veronica A. Polnick*
                                    Veronica A. Polnick

37186418v.6