# IN THE UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>SURGALIGN HOLDINGS, INC., *et al.*,<br><br>                    Debtors.[1]<br><br>RYAN MESSNER,<br><br>                    Plaintiff,<br><br>- against -<br><br>SURGALIGN HOLDINGS, INC.,<br><br>                    Defendant. | Chapter 11<br><br>Case No. 23-90731<br><br>Jointly Administered<br><br><br>Adversary Proc. No. 23-03150 |

## UNILATERAL RULE 26(f) REPORT SUBMITTED BY DEFENDANT

Pursuant to Federal Rule of Civil Procedure 26(f), made applicable by Federal Rule of Bankruptcy Procedure 7026, Steven Balasiano, the Plan Administrator of the Wind-Down Debtors, appointed pursuant to *Joint Chapter 11 Plan of Surgalign Holdings, Inc. and Its Affiliated Debtors* [Docket No. 431] (as may be amended, modified, or supplemented from time to time, the "Plan")[2] successor-in-interest to the Debtors (the "Defendant"), submits this

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number (if any), are: Surgalign Holdings, Inc. (0607); Surgalign Spine Technologies, Inc. (6543); Pioneer Surgical Technology NewCo Inc.; Spinal Transition and Professional Services LLC; Andi's Belmarall, LLC; Fourth Dimension Spine, LLC (1107); Holo Surgical Inc. (4079); and HoloSurgical Technology Inc. (0952).  The location of the debtors' service address in these chapter 11 cases is:  520 Lake Cook Road, Suite 315, Deerfield, Illinois 60015.

[2] Capitalized terms not defined herein shall have their meaning as set forth in the Plan.

LA:4872-0119-8746.6 82269.003

UNILATERAL RULE 26(f) report following the various exchanges between the Ryan Messner, plaintiff (the "Plaintiff"), and Defendant (collectively, the "Parties").

Defendant submits the report in a unilateral format given Plaintiff's reluctance to engage with the Plan Administrator in light of various prior procedural issues.

**1.      UNILATERAL STATUS REPORT**

1. Counsel to the Plan Administrator emailed Plaintiff on multiple occasions and offered multiple days for the meet and confer in accordance with the Order Setting Scheduling Conference. The Plan Administrator also prepared and circulated on January 2, 2024, a draft Joint Rule 26(f) Report for discussion and submission. Plaintiff responded, including former counsel to the Debtor, expressing his preference to submit a Unilateral Status Report to the Bankruptcy Court given the prior pleadings filed, the procedural issues pending, and his unfamiliarity with counsel for the Plan Administrator. Plaintiff would not consent to the Filing of an Answer by the Plan Administrator.

2. With the sale of the Debtor's businesses, assets, and wind-down of operations, the Plan Administrator is stepping in post-confirmation with the duties of winding down, preserving and actively handling matters including with respect to Claims, Interests and Causes of Action for the benefit of allowed creditors. As the Court is aware, the funds available to wind-down the affairs of the estate are limited. The Plan Administrator is concerned the present adversary, filed prior to Plan Confirmation, contradicts or seeks to bypass the Plan and the fair and equal treatment of creditors as well as the approved scheme for distribution to the detriment of the remaining creditors. The legal issues outlined in the pending 12(b)(6) motion appear to be threshold legal issues which should be addressed prior to the incurrence of legal fees by the Parties.

3. In summary, Plaintiff is an investor who purchased common stock of the former Debtor both before and after it was in financial distress. Following the filing of the petition in bankruptcy, Plaintiff demanded the Debtors create an equity class or treat his claim as a priority unsecured claim. Following such denial or non-response, Plaintiff advised the Debtor's counsel he would initiate an adversary action.

4. The Debtors subsequently filed their Plan and Disclosure statements and confirmed the Plan. From a cursory review of the docket, Plaintiff was included on all Plan solicitation and disclosure documents. It is well settled that a confirmation order operates as a final judgment including questions that could have been raised concerning the treatment of any creditor under the plan, the discharge of liabilities or disposition of property. *In re Alliance Operating Corp.,* 173 B.R. 326, 330 (E.D. L. A. 1994) aff'd 60 F. 3d 1174(5th Cir. 1995) The Plan Administrator is concerned with the potential to create an end-around the Plan, to re-litigate issues under the Plan, and/or expend limited resources of the estate to litigate securities claims.[3]

**2. NATURE AND BASIS OF CLAIMS**

5. The Complaint filed in this adversary, is a non-dischargeability action filed pursuant to 11 U.S.C §523(a)(2) by a former shareholder of the Debtor for securities fraud and also seeking "Recovery of Money". Plaintiff asserts that former management of Surgalign Holdings, Inc. ("Surgalign") did not disclose material financial information to investors which if disclosed, would have altered Plaintiff's determination to invest in Surgalign. The SEC investigated Surgalign between 2015-2019 and reached a settlement resulting in a $2,000,000 civil fine in 2022.

6. On July 5, 2023, Plaintiff asked counsel for the Debtor to elevate his securities

---

[3] The Plan Administrator also notes that as part of the civil settlement with the Debtor, the SEC created a Fair Fund with just over $2,000,000 to address claims related to investors.

claim to a priority general unsecured claim.

7. On or about July 14, 2023, Plaintiff filed a general unsecured proof of claim in the amount of $179,251, which claim was amended on July 25, 2023, in the amount of $181,026.

8. On August 11, 2023, Plaintiff filed the Adversary Complaint against the former Debtor.

9. On August 29, 2023, the Debtors filed their *Combined Disclosure Statement And Joint 11 Plan Of Surgalign Holdings, Inc. And Its Affiliated Debtors*. [Docket No. 391]

10. On September 20, 2023, the Debtors filed their *Notice Of Filing Of Plan Supplement For The Combined Disclosure Statement And Joint Chapter 11 Plan Of Surgalign Holdings, Inc. And Its Affiliated Debtors* [Docket No. 461] and on September 22, 2023, the *First Amended Plan Supplement*. [Docket No. 466]

11. On October 2, 2023, the Defendant filed a Rule 12(b)(6) Motion to Dismiss the Complaint but allegedly failed to serve the Plaintiff.

12. On October 2, 2023, the Debtors filed the *Notice of (1) Entry of an Order Approving the Disclosure Statement and Confirming the Joint 11 Plan of Surgalign Holdings, Inc. and its Affiliated Debtors and (II) Occurrence of Effective Date*. [Dkt. No. 492]

13. On October 4, 2023, Plaintiff filed a *Motion For Entry of Default Final Judgment*. [Adv. Dkt. No. 6]

14. On December 8, 2023, the Bankruptcy Court issued an *Order Setting Scheduling Conference*. [Adv. Dkt. No. 9] (the "Scheduling Order").

15. In accordance with the Scheduling Order, Plan Administrator sought the Plaintiff's consent to file an Answer to the Complaint prior to the January 10, 2024, Scheduling Conference. Plaintiff denied the request.

**3.    PRE-DISCOVERY DISCLOSURES**

16.    The Parties have not had a meeting of counsel as set forth above. There has been no discussion regarding various issues such as document retention, electronic discovery, etc.

**4.    DISCOVERY PLAN**

a.    <u>Subjects for Discovery</u>

17.    Factual issues are raised as to when the Plaintiff purchased securities, how they were purchased, held; who, what and when any representations were made, the materiality of any representation, the issue of justifiable reliance and when and why Plaintiff purchased additional shares in 2023 when the stock plummeted in value. Legal issues are raised as to the doctrines of estoppel and res judicata under the Plan and confirmation order, the effect of the Plan and confirmation order and maintenance of a non-dischargeablity theory against a corporation that no longer exists. The Parties will meet and confer regarding the appropriate subjects for discovery, but at a minimum discovery would need to allow sufficient time pursuant to the following schedule:

**Fact Discovery**: Will be completed by May 31, 2024 (within 140 days from the January 10, 2024, scheduling conference).

**Expert Disclosures and Discovery**: Expert disclosures will be made no less than 75 days prior to the trial date, with any rebuttal reports to be made within 21 days after the initial disclosure to which the rebuttal is addressed. Expert discovery will be completed within 30 days following expert disclosures, and in any event, no less than 21 days prior to the trial date. The Parties should agree to meet and confer regarding any additional details as to the exchange of expert disclosures and rebuttals thereto.

LA:4872-0119-8746.6 82269.003

      b.      <u>Discovery of Electronically-Stored Information:</u>

18. The Parties will need to meet and confer, if necessary, regarding the form in which electronically-stored information should be produced.

      c.      <u>Changes re: Limitations on Discovery.</u>

19. The Parties will need to meet and confer regarding any changes in the limitations on discovery imposed under the Federal Rules of Civil Procedure and/or the Local Rules. Defendant does not anticipate any discovery beyond that normally employed with respect to written discovery, subpoenas and deposition(s).

      d.      <u>Claims of Privilege or Protection of Trial Preparation Material:</u>

20. At this time, the Plan Administrator cannot determine whether he may need to assert a privilege as to certain documents. The Parties would need to agree to meet and confer on such issues as they arise.

**5. OTHER MATTERS**

21. The Parties will meet and confer regarding any necessary confidentiality concerns, timing of any dispositive motions, and time necessary for trial.

[*Remainder of Page Intentionally Left Blank*]

| | |
|---|---|
| Dated: January 5, 2024 | **PACHULSKI STANG ZIEHL & JONES LLP** |
| | */s/ Benjamin L. Wallen* |
| | Benjamin Wallen (TX Bar No. 24102623) |
| | Colin Robinson (admitted *Pro Hac Vice*) |
| | 700 Louisiana Street, Suite 4500 |
| | Houston, TX 77002 |
| | Telephone: 713.691.9385 |
| | Facsimile: 713.691.9407 |
| | bwallen@pszjlaw.com |
| | crobinson@pszjlaw.com |
| | |
| | – and – |
| | |
| | Jeffrey P. Nolan (*pro hac vice* pending) |
| | 10100 Santa Monica Blvd, 13th Floor |
| | Los Angeles, CA 90067 |
| | Telephone: (310) 277-6910 |
| | Facsimile: (310)201-0760 |
| | jnolan@pszjlaw.com |
| | |
| | *Counsel to Defendant the Wind-Down Debtors as Successor to Surgalign Holdings, Inc.* |

## CERTIFICATE OF SERVICE

I certify that on January 5, 2024, a true and correct copy of the foregoing document was caused to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District Of Texas and to the Plaintiff at the following addresses:

Ryan Messner; ryanmessner@hotmail.com

Ryan Messner
570 Camphor Way
Lexington, KY 40509

                                                      */s/ Benjamin L. Wallen*
                                                      Benjamin L. Wallen