**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| In re:<br><br>SURGALIGN HOLDINGS, INC., *et al.*,<br><br>Debtors.¹<br>_____<br><br>RYAN MESSNER,<br><br>Plaintiff,<br><br>- against -<br><br>SURGALIGN HOLDINGS, INC.,<br><br>Defendant. | Chapter 11<br><br>Case No. 23-90731<br><br>Jointly Administered<br><br><br>Adversary Proc. No. 23-03150 |

**MOTION OF PLAN ADMINISTRATOR AS THE PARTY IN INTEREST FOR LEAVE
TO APPEAR AND FILE ANSWER TO COMPLAINT**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV WITHIN TWENTY-ONE (21) DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE (21) DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Steven Balasiano, Plan Administrator of the Wind-Down Debtors, appointed pursuant to

the *Joint Chapter 11 Plan of Surgalign Holdings, Inc. and Its Affiliated Debtors* [Docket No. 431]

---

¹ The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number (if any), are: Surgalign Holdings, Inc. (0607); Surgalign Spine Technologies, Inc. (6543); Pioneer Surgical Technology NewCo Inc.; Spinal Transition and Professional Services LLC; Andi's Belmarall, LLC; Fourth Dimension Spine, LLC (1107); Holo Surgical Inc. (4079); and HoloSurgical Technology Inc. (0952).  The location of the debtors' service address in these chapter 11 cases is:  520 Lake Cook Road, Suite 315, Deerfield, Illinois 60015.

1

(as may be amended, modified, or supplemented from time to time, the "Plan")[2] successor-in-interest to the Debtors (the "Defendant" or "Debtors") hereby submits this Motion for Leave to Appear and File An Answer to Complaint (the "Motion").  In support of the Motion, the Defendant states as follows:

## I.

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this motion under the Bankruptcy Code and pursuant to 28 U.S.C. § 1334(a).  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2.      Venue in this district is proper pursuant to 28 U.S.C. § 1409(a).

3.      The adversary proceeding was commenced against Surgalign Holdings, Inc. pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure.

## II.

## BACKGROUND

4.      On June 19, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

5.      On or about July 14, 2023, Plaintiff filed a general unsecured proof of claim in the amount of $179,251, which claim was amended on July 25, 2023, to the amount of $181,026.

6.      On August 11, 2023, Plaintiff filed the Complaint as an adversary action (the "Adversary Complaint") against the Debtors.

7.      On August 29, 2023, the Debtors filed their *Combined Disclosure Statement And Joint 11 Plan Of Surgalign Holdings, Inc. And Its Affiliated Debtors.*  [Docket No. 391]

---

[2] Capitalized terms not defined herein shall have their meaning as set forth in the Plan.

8.      On September 20, 2023, the Debtors filed their *Notice Of Filing Of Plan Supplement For The Combined Disclosure Statement And Joint Chapter 11 Plan Of Surgalign Holdings, Inc. And Its Affiliated Debtors* [Docket No. 461] and on September 22, 2023, the *First Amended Plan Supplement.* [Docket No. 466]

9.      On October 2, 2023, the Debtors filed a Rule 12(b)(6) Motion to Dismiss the Adversary Complaint, but allegedly failed to serve the Plaintiff by U.S. mail. Plaintiff was not allegedly registered under the Bankruptcy Court ECF program.

10.     On October 2, 2023, the Debtors filed the *Notice of (1) Entry of an Order Approving the Disclosure Statement and Confirming the Joint 11 Plan of Surgalign Holdings, Inc. and its Affiliated Debtors and (II) Occurrence of Effective Date.* [Dkt. No. 492]

11.     Pursuant to the Plan, on the Effective Date, the Wind-Down Debtors were deemed substituted as the party-in-lieu of the Debtors in all matters as represented by the Plan Administrator including this adversary proceedings pending in before the Court. *(See Confirmation Order*, ¶67).

12.     On October 4, 2023, Plaintiff filed a Motion For Entry of Default Final Judgment in the adversary proceeding and served prior counsel for the Debtors. [Adv. Dkt. No. 6]

13.     On December 8, 2023, the Court issued an Order Setting Scheduling Conference in the adversary which set the scheduling conference for January 10, 2024. [Adv. Dkt. No. 9]

**III.**

**RELIEF REQUESTED**

14.     The Plan Administrator seeks to appear in the adversary as the party in interest pursuant to the Plan and seeks permission to allow the Answer, attached hereto as <u>Exhibit A</u>, to be entered in response to the Adversary Complaint.[3]

**IV.**

**ARGUMENT**

15.     Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, made applicable herein by Rule 7016 of the Federal Rules of Bankruptcy Procedure, a schedule set by a scheduling order "shall not be modified except upon a showing of good cause." Fed.R.Civ.P. 16(b).  No scheduling order has been set in the present adversary and no party has been prejudiced by the appearance and filing of the proposed Answer by the Plan Administrator.

16.     Default judgments are generally disfavored as "cases should be decided upon their merits whenever reasonably possible." *New York Life Ins. Co. v. Brown*, 84 F3d 137, 141 (5th Cir. 1996). The policy of the Federal Rules is to permit liberal amendment to facilitate determination of claims on their merits.  *Dussouy v. Gulf Coast Investment Corporation*, 660 F. 2d 594, 597-598 (5th Cir., 1981).

> "In our review of the trial court's exercise of discretion, Rule 15(a), of course, provides the starting point.  'Discretion' may be a misleading term for Rule 15(a) severely restricts the Judge's freedom, directing that leave to amend 'shall be freely given when justice so requires'.  It evinces a bias in favor of granting leave to amend.  The policy of the Federal Rules is to permit liberal amendment to facilitate the termination of claims on the merits and

---

[3] The Plan Administrator intends to file formal notices to correct the caption to reflect the insertion of the "Wind-down Debtor" as party in interest as represented by the Plan Administrator in any litigation including the present adversary.

to prevent litigation from becoming a technical exercise in the fine points of pleading."

17.     Whether the service of the Motion to Dismiss on Plaintiff was proper or improper is largely irrelevant at this juncture as is the Motion For Entry of Default Judgment filed by the Plaintiff. [Adv. Dkt. No. 7] The Plan Administrator as the duly authorized representative of the Wind-down Debtors is authorized to implement the orderly wind down of the Debtors' Estates, including appearing, investigating and or prosecuting claims or interests of any kind.  (Plan, Dkt No. 477, Art. VIII(5)(a)-(j)).  The Effective Date was October 2, 2023, and the Plan Administrator has since that time been diligently moving into the role of completing the sale of the Debtor's assets and in essence becoming familiar with the remaining assets and operations of the Wind-Down Debtors.  Allowing the Wind-Down Debtor to appear and file an Answer, as represented by the Plan Administrator, is consistent with the Plan and will allow the matter to be addressed on the merits of the claim.

## V.

## <u>NOTICE</u>

18.     Notice of this motion is being given to (i) Plaintiff, Ryan Messner by email and US Mail, and (iii) the Office of the United States Trustee.

**WHEREFORE**, the Defendant requests that the Court enter an order, substantially in the form submitted herewith:

1.     Granting the Defendant's Motion, granting leave to file its Answer to Complaint, and deeming the Answer to Complaint as attached hereto filed as of the date of entry of such order;

2.     Granting such other and further relief as the Court may deem just and proper.

Dated: January 5, 2024

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Benjamin L. Wallen*
Benjamin Wallen (TX Bar No. 24102623)
Colin Robinson (admitted *Pro Hac Vice*)
700 Louisiana Street, Suite 4500
Houston, TX   77002
Telephone: 713.691.9385
Facsimile: 713.691.9407
bwallen@pszjlaw.com
crobinson@pszjlaw.com

– and –

Jeffrey P. Nolan  (*pro hac vice* pending)
10100 Santa Monica Blvd, 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile:  (310)201-0760
jnolan@pszjlaw.com

*Counsel to Defendant the Wind-Down Debtors as
Successor to Surgalign Holdings, Inc.*

## CERTIFICATE OF SERVICE

I certify that on January 5, 2024, a true and correct copy of the foregoing document was caused to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District Of Texas and to the Plaintiff at the following addresses:

Ryan Messner; ryanmessner@hotmail.com

Ryan Messner
570 Camphor Way
Lexington, KY 40509

*/s/ Benjamin L. Wallen*
Benjamin L. Wallen

## **EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>SURGALIGN HOLDINGS, INC., *et al.*,<br><br>                Debtors.[1] | Chapter 11<br><br>Case No. 23-90731<br><br>Jointly Administered |
| RYAN MESSNER,<br><br>              Plaintiff,<br><br>        - against -<br><br>SURGALIGN HOLDINGS, INC.,<br><br>              Defendant. | Adversary Proc. No. 23-03150 |

**ANSWER TO COMPLAINT FOR**
**DENIAL OF DISCHARGE AND RECOVERY OF MONEY**

COMES NOW, the duly appointed Plan Administrator, Steven Balasrano, appointed

pursuant to *Joint Chapter 11 Plan of Surgalign Holdings, Inc. and Its Affiliated Debtors* [Docket

No. 431] (as may be amended, modified, or supplemented from time to time, the "Plan")[2]

successor-in-interest to the Debtors as the representative of the Wind-Down Debtor and the estate

("Defendant"), by and through its counsel, Pachulski Stang Ziehl & Jones LLP, hereby files this

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number (if any), are: Surgalign Holdings, Inc. (0607); Surgalign Spine Technologies, Inc. (6543); Pioneer Surgical Technology NewCo Inc.; Spinal Transition and Professional Services LLC; Andi's Belmarall, LLC; Fourth Dimension Spine, LLC (1107); Holo Surgical Inc. (4079); and HoloSurgical Technology Inc. (0952).  The location of the debtors' service address in these chapter 11 cases is:  520 Lake Cook Road, Suite 315, Deerfield, Illinois 60015.

[2] Capitalized terms not defined herein shall have their meaning as set forth in the Plan.

LA:4877-8193-6537.5 82269.003                                   1

*Answer to Complaint for Denial of Discharge and Recovery of Money* (the "Complaint") and hereby admits, denies, and alleges as follows:

<b><u>STATEMENT OF JURISDICTION, NATURE OF PROCEEDING AND VENUE</u></b>

1.      In responding to Paragraph 1 of the Complaint, Defendant admits only that this adversary proceeding purports to be an action for exception to discharge pursuant to 11 U.S.C § 523(a)(2) and to seek enforcement of a filed proof of claim. Defendant denies the remainder of the allegations of Paragraph 1.

2.      In responding to Paragraph 2, Defendant admits that the Court has jurisdiction over this proceeding, claims and the implementation of the Plan.

3.      In responding to Paragraph 3, Defendant admits that matters concerning the administration of the estate and implementation of the Plan, including the adversary, are core proceedings under 28 U.S.C. §157(b)(1).

4.      Defendant denies the allegations of Paragraph 4.

5.      In responding to Paragraph 5, Defendant consent to the venue of the United States Bankruptcy Court for the Southern District of Texas.

<b><u>BACKGROUND FACTS AND<br>ALLEGATIONS TO CLAIMS FOR RELIEF</u></b>

6.      Defendant admits Surgalign Holdings, Inc. (the "Debtor") reached a settlement with the Securities and Exchange Commission relating to activities between 2015-2019 by RTI Surgical Holdings, Inc. and RTI Surgical, Inc. and prior management resulting in a civil fine.  The Debtor issued a Form 8-K memorializing the settlement. Paragraph 6 contains various additional statements or allegations without fact to which no response is required.  Defendant specifically denies the remainder of the allegations of Paragraph 6.

## FIRST AFFIRMATIVE DEFENSE

7.      The Complaint fails to state facts sufficient to constitute any claims for relief against Defendant.

## SECOND AFFIRMATIVE DEFENSE

8.      The Plaintiff is precluded from any recovery under the Complaint by virtue of the Plan and the confirmation order which operate as a final judgment and the Complaint is barred in accordance with the doctrines of res judicata, waiver, laches, and estoppel.

## THIRD AFFIRMATIVE DEFENSE

9.      The Complaint is barred by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

10.     The Plaintiff's claims in the Complaint are barred by the doctrine of collateral estoppel as Plaintiff was served with all Plan solicitation materials, consented to the Plan and the submission and review of claims and interests in accordance with the procedures outlined under the Plan and confirmation order.

*[Remainder of Page Intentionally Left Blank]*

## PRAYER FOR RELIEF

To the extent Plaintiff's demand for relief requires a response, Defendant denies that Plaintiff has been damaged, denies that Plaintiff is entitled to relief, and denies that Plaintiff may seek the relief alleged in the Complaint, Defendant prays for relief as follows:

1. That Plaintiff take nothing by way of the Complaint;

2. That the Complaint be dismissed in its entirety;

3. For costs of suit incurred herein, including reasonable attorneys' fees; and

4. For such other and further relief as the Court may deem just and proper.

Dated: January 5, 2024                    **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Benjamin L. Wallen*
Benjamin Wallen (TX Bar No. 24102623)
Colin Robinson (admitted *pro hac vice*)
700 Louisiana Street, Suite 4500
Houston, TX   77002
Telephone: 713.691.9385
Facsimile: 713.691.9407
bwallen@pszjlaw.com
crobinson@pszjlaw.com

– and –

Jeffrey P. Nolan  (*pro hac vice* pending)
10100 Santa Monica Blvd, 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile:  (310)201-0760
jnolan@pszjlaw.com

*Counsel to Defendant the Wind-Down Debtors as*
*Successor to Surgalign Holdings, Inc.*

LA:4877-8193-6537.5 82269.003                    4